IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| JESSICA ANN VOLINSKI, | : |
| | : CIVIL ACTION No. 12-5427 (JHR)(KMW) |
| Plaintiff, | : |
| | : |
| v. | : JURY TRIAL DEMANDED |
| | : |
| WAL-MART STORES, INC. and CPP | : Filed Electronically |
| INTERNATIONAL, LLC, CVS | : |
| PHARMACY, INC., STAPLES THE | : |
| OFFICE SUPERSTORE, LLC, SEARS | : **KMART CORPORATION'S AMENDED** |
| BRANDS, LLC and OMX, INC., | : **ANSWER AND AFFIRMATIVE** |
| | : **DEFENSES TO PLAINTIFF'S SECOND** |
| Defendants. | : **AMENDED COMPLAINT** |

Defendant, Kmart Corporation (incorrectly identified as Sears Brands, LLC), by and through its attorneys, Litchfield Cavo LLP, respectfully submits the following amended answer in response to the Second Amended Complaint filed by the Plaintiff, Jessica Ann Volinski.

## AMENDED ANSWER

Defendant, Kmart Corporation ("Kmart") responds to the corresponding numbered paragraphs of the Complaint as follows:

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1, and the same are therefore denied. Plaintiff is left to her proofs.

2. Paragraph 2 contains allegations which are not directed to this answering Defendant, and therefore no response is required. To the extent a response is required, allegations in Paragraph 2 are denied. Plaintiff is left to her proofs.

3. Paragraph 3 contains allegations which are not directed to this answering Defendant, and therefore no response is required. To the extent a response is required, allegations in Paragraph 3 are denied. Plaintiff is left to her proofs.

4. Paragraph 4 contains allegations which are not directed to this answering Defendant, and therefore no response is required. To the extent a response is required, allegations in Paragraph 4 are denied. Plaintiff is left to her proofs.

5. Paragraph 5 contains allegations which are not directed to this answering Defendant, and therefore no response is required. To the extent a response is required, allegations in Paragraph 5 are denied. Plaintiff is left to her proofs.

6. Admitted; however, the identity of the defendant is Kmart Corporation.

7. Paragraph 7 contains allegations which are not directed to this answering Defendant, and therefore no response is required. To the extent a response is required, allegations in Paragraph 7 are denied. Plaintiff is left to her proofs.

8. Paragraph 8 contains legal conclusions to which no response is required. To the extent a response is required, the allegations of Paragraph 8 are denied. Plaintiff is left to her proofs.

**FACTS COMMON TO BOTH COUNTS**

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9, and the same are therefore denied. Plaintiff is left to her proofs.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10, and the same are therefore denied. Plaintiff is left to her proofs.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11, and the same are therefore denied. Plaintiff is left to her proofs.

12. Defendant admits that a Certificate of Registration No. VA 1-835-961 is attached to the Complaint at Exhibit 2. Except as admitted, the allegations in Paragraph 12 are denied. Plaintiff is left to her proofs.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13, and the same are therefore denied. Plaintiff is left to her proofs.

14. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14, and the same are therefore denied. Plaintiff is left to her proofs.

15. Defendant admits that a Certificate of Registration No. VA 1-835-963 is attached to the Complaint at Exhibit 4. Except as admitted, the allegations in Paragraph 15 are denied. Plaintiff is left to her proofs.

16. Paragraph 16 contains allegations which are not directed to this answering Defendant, and therefore no response is required. To the extent a response is required, the allegations in Paragraph 16 are denied. Plaintiff is left to her proofs.

17. Paragraph 17 contains allegations which are not directed to this answering Defendant, and therefore no response is required. To the extent a response is required, the allegations in Paragraph 17 are denied. Plaintiff is left to her proofs.

18. Paragraph 18 contains allegations which are not directed to this answering Defendant, and therefore no response is required. To the extent a response is required, the allegations in Paragraph 18 are denied. Plaintiff is left to her proofs.

19. Paragraph 19 contains allegations which are not directed to this answering Defendant, and therefore no response is required. To the extent a response is required, the allegations in Paragraph 19 are denied. Plaintiff is left to her proofs.

20. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20, and the same are therefore denied. Plaintiff is left to her proofs.

21. To the extent that Paragraph 21 contains allegations which are not directed to this answering Defendant, no response is required. To the extent Paragraph 21 contains allegations against answering Defendant the allegations are denied. Plaintiff is left to her proofs.

22. Defendant hereby incorporates the preceding paragraphs as if restated verbatim. Plaintiff is left to her proofs.

23. Paragraph 23 contains allegations which are not directed to this answering Defendant, and therefore no response is required. To the extent a response is required, the allegations in Paragraph 23 are denied. Plaintiff is left to her proofs.

24. Paragraph 24 contains allegations which are not directed to this answering Defendant, and therefore no response is required. To the extent a response is required, the allegations in Paragraph 24 are denied. Plaintiff is left to her proofs.

25. Paragraph 25 contains allegations which are not directed to this answering Defendant, and therefore no response is required. To the extent a response is required, the allegations in Paragraph 25 are denied. Plaintiff is left to her proofs.

26. Paragraph 26 contains allegations which are not directed to this answering Defendant, and therefore no response is required. To the extent a response is required, the allegations in Paragraph 26 are denied. Plaintiff is left to her proofs.

27. Paragraph 27 contains allegations which are not directed to this answering Defendant, and therefore no response is required. To the extent a response is required, the allegations in Paragraph 27 are denied. Plaintiff is left to her proofs.

## AFFIRMATIVE DEFENSES

Defendant, Kmart Corporation hereby asserts the following affirmative defenses:

### First Affirmative Defense (Failure to State a Claim)

Plaintiff's complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense (Condition Precedent)

Plaintiff's action for copyright infringement is barred on the grounds that plaintiff failed to obtain a copyright registration from the United States Copyright Office prior to the institution of this action.

### Third Affirmative Defense (License)

Plaintiff has waived the right to sue Defendant for copyright infringement for at least the reason that Plaintiff or Plaintiff's agent granted a nonexclusive license to use the allegedly copyrighted materials which are the subject of this action.

### Fourth Affirmative Defense (Fair Use)

Defendant's conduct may be protected by the doctrine of fair use.

### Fifth Affirmative Defense (Estoppel)

Plaintiff's claims may be barred by the doctrine of estoppel.

### Sixth Affirmative Defense (De Minimis Use)

The products at issue used a small and insignificant portion of the allegedly copyrighted materials, and such de minimis use is not actionable under the law.

### Seventh Affirmative Defense (Laches)

Plaintiff's claims may be barred by the doctrine of laches.

### Eighth Affirmative Defense (Public Domain)

The work that Plaintiff alleges has been infringed is not entitled to copyright protection on the basis that it is within the public domain and/or does not constitute copyrightable subject matter.

### Ninth Affirmative Defense (Scenes a Faire)

Plaintiff's claims are barred by the doctrine of scenes a faire.

### Tenth Affirmative Defense (Doctrine of Merger)

Plaintiff's claims are barred by the doctrine of merger.

### Eleventh Affirmative Defense (Unjust Enrichment)

Plaintiff is barred from recovery in whole or in part because Plaintiff would be unjustly enriched if permitted to recover under the Second Amended Complaint.

### Twelfth Affirmative Defense (Lack of Intent)

Defendant acted in good faith and without intent to infringe.

### Thirteenth Affirmative Defense (Third Party)

If there was infringement, which Defendant denies, it was the result of actions or lack of actions or omissions of a third party over whom Defendant had no control.

### Fourteenth Affirmative Defense (Unclean Hands)

Plaintiff's claims are barred in whole or in part by Plaintiff's unclean hands.

### Fifteenth Affirmative Defense

The Plaintiff does not hold a valid copyright on the peace symbol and common flower and butterfly imagery at issue in this litigation.

## Sixteenth Affirmative Defense

Pursuant to the Code of Federal Regulations § 202.1, familiar symbols and designs are not subject to copyright.

## Seventeenth Affirmative Defense

The ideas and concepts of "peace" are not protected by copyright.

## Eighteenth Affirmative Defense

The artwork registered by the Plaintiff and attached as Exhibit 1 and Exhibit 3 to the Plaintiff's Complaint is not substantially similar to any artwork on any products sold by any Defendants.

## Nineteenth Affirmative Defense

Some of the artwork on Carolina Pad products at issue include non-copyrightable elements of the artwork registered by the Plaintiff and attached as Exhibit 1 and Exhibit 3 to the Plaintiff's Complaint.

## Twentieth Affirmative Defense

The sketch of a peace symbol, and familiar depictions of flowers and a butterfly are too trivial to be protected by copyright although they may be original works of authorship.

## Twenty-First Affirmative Defense

The elements at issue in this case do not contain a sufficient amount of original and creative authorship to be copyrightable.

## Twenty-Second Affirmative Defense

When the unprotectable elements are filtered out of the compilation artwork registered by the Plaintiff, the Plaintiff's artwork is not substantially similar to any artwork on any product sold by any Defendant in this case.

### Twenty-Third Affirmative Defense

There is no artwork on any Carolina Pad product that has the same selection and arrangement of copyrightable elements as the Plaintiff's artwork.

### Twenty-Fourth Affirmative Defense

There is no artwork on any Carolina Pad product that has the same arrangement of non-copyrightable elements as the Plaintiff's artwork.

**WHEREFORE**, Defendant, Kmart Corporation respectfully requests as follows:

1. That Plaintiff have and recover nothing of the Defendants and that all of Plaintiff's claims against Defendants be dismissed with prejudice;

2. That all issues of fact be tried to a jury;

3. That Plaintiff be taxed with the costs of this action, including Defendants' reasonable attorneys' fees in accordance with 17 U.S.C. §§ 505 and 1203(b)(5); and

4. That Defendants have such other and further relief this Court may deem just and proper.

**LITCHFIELD CAVO LLP**
*An Illinois Limited Liability Partnership*
William C. Mead, Jr.
I.D. # 35881990
1800 Chapel Avenue West
Suite 360
Cherry Hill, NJ  08002
(856) 854-3636
mead@litchfieldcavo.com
Attorneys for Defendant, Kmart Corporation

*/s/ William C. Mead, Jr.*
William C. Mead, Jr., Esquire

Dated:  September 12, 2013

8

## **CERTIFICATE OF SERVICE**

I, William C. Mead, Jr., hereby certify that a true and correct copy of the foregoing AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT, KMART CORPORATION (incorrectly identified as Sears Brands, LLC) to Plaintiff's Second Amended Complaint, was served on the below-listed counsel on this date via the electronic filing system of the District of New Jersey:

Norman E. Lehrer, Esquire
Norman E. Lehrer P.C.
1205 N. Kings Highway
Cherry Hill, NJ  08034
*Attorney for Plaintiff*

Sean Kirby, Esquire
Sheppard Mullin Richter & Hampton LLP
30 Rockefeller Plaza, Suite 2400
New York, NY  10112
*Attorneys for Wal-Mart Stores, Inc.*

Andre K. Cizmarik, Esquire
Edwards Wildman Palmer LLP
750 Lexington Avenue
New York, NY  10022
*Attorneys for OfficeMax d/b/a OMX, Inc.*

*/s/ William C. Mead, Jr.*
William C. Mead, Jr., Esquire

Dated:  September 12, 2013